UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CORNELIUS WALTER,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, SERGEANT HANSON,
POLICE OFFICERS JOHN DOES 1 and 2,

                                        Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

08 CV 01599 (PAC)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983 and state

law, alleging misconduct by the City of New York and several of its police officers.  Plaintiff

alleges that, on December 7, 2007, three police officers in plainclothes subjected him to false

arrest, excessive force, assault, battery, an illegal strip search, and fabricated evidence in

violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and New York

common law.    Plaintiff seeks compensatory and punitive damages, declaratory relief, an award

of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, unlawful

strip search, and negligent hiring, training, supervision, and retention.  With respect to these state

law claims, a notice of claim was duly filed on the City of New York within 90 days of the

incident at issue, more than 30 days have elapsed since such filing, and the City has refused to

settle plaintiff's state law claims.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because

defendant City of New York is subject to personal jurisdiction in the Southern District of New

York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's constitutional rights and negligence occurred in

Manhattan at New York City Police Department ("NYPD") Headquarters located at One Police

Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5.      Plaintiff is a resident of the State of New York, County of Bronx.

6.      The City of New York is a municipal corporation organized under the

laws of the State of New York.

6.      Sergeant Hanson is a member of the NYPD who was involved in the arrest

of plaintiff and the torts arising out of plaintiff's arrest.   Sergeant Hanson is liable for directly

participating in the acts described herein, for failing to intervene to protect plaintiff from the

illegal conduct of his fellow officers, and for being grossly negligent in the supervision of his

subordinates.  Hanson is sued in his individual capacity.

7.      Police Officers John Does 1 and 2 are members of the NYPD who were

involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest.   John Does 1 and 2

are liable for directly participating in the acts described herein and for failing to intervene to

protect plaintiff from the illegal conduct of their fellow officers.  John Does 1 and 2 are sued in

their individual capacities.

2

## STATEMENT OF FACTS

8.      On December 7, 2007, at approximately 11:15 a.m., in front of a grocery store in the vicinity of 3044 Avenue V, Brooklyn, New York, approximately three police officers in plainclothes, including Sergeant Hanson, seized and searched plaintiff without legal justification.

9.      Thereafter, the officers formally arrested plaintiff without probable cause and transported him to the 61st Precinct.

10.     Inside the 61st Precinct, the officers, acting in concert, began to strip search plaintiff without legal cause.

11.     Plaintiff verbally objected to being strip searched.

12.     In response, the officers, acting in concert, clicked plaintiff's handcuffs causing the cuffs to become unreasonably tight, slammed plaintiff against a wall, lifted up plaintiff's arms causing him pain, threw plaintiff onto the floor, pressed plaintiff's face into the floor, pulled down plaintiff's pants and underwear, and spread open plaintiff's buttocks.

13.     Thereafter, the officers took plaintiff to Coney Island Hospital to have him x-rayed.

14.     Plaintiff, however, did not receive an x-ray at the hospital.

15.     Approximately 45 minutes after arriving at the hospital, the officers took plaintiff back to the 61st Precinct and put him in a cell.

16.     On December 8, 2007, at approximately 5:00 a.m., plaintiff was taken to Brooklyn Central Booking to await arraignment.

17.     The three officers, acting concert, filed false charges against plaintiff but the District Attorney's Office declined to prosecute plaintiff.

18.     Plaintiff was released from Brooklyn Central Booking in the morning of December 8, 2007.

19.     As a result of the foregoing, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, injuries to his wrists, body and head, and a loss of liberty from December 7, 2007 to December 8, 2007.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST SERGEANT HANSON AND JOHN DOES 1 AND 2

20.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21.     The conduct of Sergeant Hanson and John Does 1 and 2, as described herein, amounted to false arrest, excessive force, an unlawful strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

22.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23.     The City of New York directly caused the constitutional violations suffered by plaintiff.

24.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the officers involved in the present case, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial

action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

25.    The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST SERGEANT HANSON AND JOHN DOES 1 AND 2

26.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27.    The conduct of Sergeant Hanson and John Does 1 and 2, as described herein, amounted to false arrest, assault, battery, and an unlawful strip search in violation of New York state law.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

28.    Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29.    Because Sergeant Hanson and John Does 1 and 2 were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, and an unlawful strip search.

30.    Further, the City of New York is liable under state law because, as explained in ¶ 24, it negligently hired, trained, supervised, and retained Sergeant Hanson and John Does 1 and 4.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    February 18, 2008
          Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

/s/
_____

RICHARD J. CARDINALE (RC-8507)