

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

GABRIEL P. HARVIS
Assistant Corporation Counsel
Phone: (212) 788-1816
Fax: (212) 788-9776
gharvis@law.nyc.gov

March 5, 2008

**BY FAX**
Honorable Paul A. Crotty
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 735
New York, New York 10007

**MEMO ENDORSED**

Re: Cornelius Walter v. City of New York, et al.
08 CV 1599 (PAC)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York ("City") in this matter. I write to respectfully request an enlargement of time from March 10, 2008, until May 12, 2008, for the City to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application.

In the complaint, plaintiff alleges, *inter alia*, that on December 7, 2007, he was falsely arrested, strip searched and subjected to excessive force by an officer of the New York City Police Department. Plaintiff further alleges that the District Attorney subsequently declined to prosecute.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. As the complaint indicates that the District Attorney declined to bring any charges against plaintiff, this office has forwarded to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. Additionally, as the complaint indicates that plaintiff was injured during the incident, this office has forwarded to plaintiff for execution a release for his medical

records. This office cannot obtain these records without the releases, and without the records, we cannot properly assess this case or respond to the complaint.

Second, defendant City appears to have been served with process. However, upon information and belief, the individually named defendant has not yet been served. The extension should allow time for plaintiff to serve this defendant with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. This extension will not affect any previously scheduled deadlines or conferences. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended from March 10, 2008, until May 12, 2008, and for such other relief as Your Honor deems just and proper.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis (GH2772)
Assistant Corporation Counsel

cc:   Richard Cardinale, Esq.

SO ORDERED: MAR 0 5 2008

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

2