UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CORNELIUS WALTER,

                                   Plaintiff,

            -against-

CITY OF NEW YORK, SERGEANT HANSON, POLICE
OFFICERS JOHN DOES 1 and 2,

                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER**

**08 CV 1599 (PAC)**

**JURY TRIAL DEMANDED**

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows: [1]

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3. Denies the allegations set forth in Paragraph "3" of the complaint, except admits that plaintiff seeks to invoke the Court's supplemental jurisdiction as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to lay venue as stated therein.

        5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

        6. Admits the allegations set forth in paragraph "6" of the complaint.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "SERGEANT HANSON" has not been served with process. Thus, he is not a party to this action.

7. Denies the allegations set forth in the second paragraph "6" of the complaint, except admits that James Hansen is employed as a sergeant by the City of New York and that plaintiff purports to proceed as stated therein.

8. Denies the allegations set forth in the paragraph "7" of the complaint, except denies knowledge or information sufficient to form a belief as to whether the unidentified officers are employed by the City of New York.

9. Denies the allegations set forth in the paragraph "8" of the complaint.

10. Denies the allegations set forth in the paragraph "9" of the complaint, except admits that plaintiff was arrested on December 7, 2007, and transported to the 61st Precinct.

11. Denies the allegations set forth in the paragraph "10" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph "11" of the complaint.

13. Denies the allegations set forth in the paragraph "12" of the complaint.

14. Denies the allegations set forth in the paragraph "13" of the complaint, except admit that plaintiff was taken to Coney Island Hospital on December 7, 2007.

15. Denies the allegations set forth in the paragraph "14" of the complaint, except admits that plaintiff was not x-rayed at Coney Island Hospital.

16. Denies the allegations set forth in the paragraph "15" of the complaint, except admit that plaintiff was transported to the 61st Precinct from Coney Island Hospital.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph "16" of the complaint.

18. Denies the allegations set forth in the paragraph "17" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph "18" of the complaint.

20. Denies the allegations set forth in the paragraph "19" of the complaint.

21. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

22. Denies the allegations set forth in the paragraph "21" of the complaint.

23. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

24. Denies the allegations set forth in the paragraph "23" of the complaint.

25. Denies the allegations set forth in the paragraph "24" of the complaint.

26. Denies the allegations set forth in the paragraph "25" of the complaint.

27. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

28. Denies the allegations set forth in the paragraph "27" of the complaint.

29. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in the paragraph "29" of the complaint.

31. Denies the allegations set forth in the paragraph "30" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

32. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

33. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

34. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

35. The actions of any police officers involved were justified by probable cause.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

36. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

37. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

38. Plaintiff may have failed to satisfy all conditions precedent to suit.

- 5 -

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        May 12, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          *Attorney for Defendant City of New York*
                          100 Church Street, Room 3-193
                          New York, New York 10007
                          (212) 788-1816

                          By:   /s/
                               Gabriel P. Harvis (GH 2772)
                               Assistant Corporation Counsel

TO:   Richard Cardinale (by ECF)
        Cardinale & Marinelli
        *Attorney for Plaintiff*
        26 Court Street
        Suite 1815
        Brooklyn, New York 11242

Index No. 08 CV 1599 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELIUS WALTER,

                              Plaintiff,

              -against-

CITY OF NEW YORK, SERGEANT HANSON, POLICE OFFICERS JOHN DOES 1 and 2,

                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-188*
*New York, New York  10007*

*Of Counsel: Gabriel P. Harvis*
*Tel:  (212) 788-1816*
*NYCLIS No. 2008005535*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................ , 2008 . . .*

*.......................................................... Esq.*

*Attorney for................................................*